# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

| | |
|---|---|
| **LUIS ADRIAN CRUZ,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| **vs.** | )    **Case No. 1:10-cv-3426-CLS** |
| | ) |
| **JOHN T. RATHMAN, Warden,** | ) |
| | ) |
| **Respondent.** | ) |

## ORDER

The magistrate judge filed his Report and Recommendation on September 23, 2011, recommending that the petitioner's petition for *habeas corpus* relief pursuant to 28 U.S.C. § 2241 be granted and that 40 days of good-time credits taken from petitioner as a form of punishment be restored. Although the allotted time for objections has expired, neither party has filed objections to the Report and Recommendation. Having now carefully reviewed and considered the Report and Recommendation, the court finds that the Report is due to be, and it hereby is, ADOPTED, and the Recommendation is ACCEPTED.[1]

---

[1] The court notes in doing so that there is no need for further hearings to determine the petitioner's entitlement to relief. His essential contention is that the evidence presented at his disciplinary hearing on June 24, 2010, failed to meet the "some evidence" standard of Superintendent, Mass. Inst. Facility v. Hill, 472 U.S. 445, 454, 105 S. Ct. 2768, 86 L. Ed. 2d 356 (1985). The determination of this issue requires the court only to review the record of evidence presented at the disciplinary hearing. Respondent is not entitled to a hearing before this court to present evidence not presented at the time of the disciplinary hearing. Either the evidence at the

Accordingly, the petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 filed by the petitioner is GRANTED.  The respondent is ORDERED to restore to petitioner, Luis Adrian Cruz, the forty (40) days of good-time revoked as a punishment for his disciplinary conviction occurring at a hearing on June 24, 2010, before Disciplinary Hearing Officer Katee Cameron, and to expunge the disciplinary conviction from petitioner's prisoner records.

The Clerk is DIRECTED to mail a copy of the foregoing to the petitioner.

DONE and ORDERED this 19th day of October, 2011.

_____
United States District Judge

---

disciplinary hearing met the "some evidence" standard necessary under due process to support the revocation of good-time credits, or it did not.  But, in any event, the court is required only to review the record evidence presented at the disciplinary, and having done so, the court finds that it fails to meet the "some evidence" requirement of due process.